```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                    NORTHERN DIVISION
```

CIVIL ACTION NO. 2:20CV25 (WOB)

NICHOLAS SANDMANN                                    PLAINTIFF

VS.                <u>MEMORANDUM OPINION AND ORDER</u>

ABC NEWS, INC.,
ET AL.                                              DEFENDANTS

This matter is before the Court on defendants' motion to dismiss for failure to state a claim on which relief may be granted. (Doc. 16). The Court has reviewed this matter and concludes that oral argument is unnecessary.

*Introduction*

This is another in a series of libel actions against various media entities brought by plaintiff, Nicholas Sandmann. The Complaint is based on the defendants' news coverage of an event that occurred on January 18, 2019, during a visit by Sandmann and his fellow Covington Catholic High School students to Washington, D.C.

The Complaint herein is quite lengthy; it is 60 pages in length and contains 292 paragraphs. Greatly summarized, the Complaint alleges that Sandmann was libeled by defendants when they published four online articles stating that Sandmann, while

at the Lincoln Memorial, "blocked" Native-American activist Nathan Phillips, would not "allow him to retreat," and would not allow him to move.  (Compl. ¶¶ 4, 207, 218, 238).

These news stories are alleged to be false and defamatory. (*Id.*).  Sandmann further alleges that these publications by defendant and similar stories by other news media caused him to be harassed by the public, causing him great emotional distress. (Compl. ¶¶ 164, 284, 289).  Sandmann also alleges that defendants' article s are "now forever a part of the historical Internet record and will haunt and taint Nicholas for the remainder of his natural life and impugn his reputation for generations to come."  (Compl. ¶ 286).

The motion to dismiss argues that these publications are not libelous, but the Court has ruled in companion cases that the statements are libelous.  The Court continues to hold that opinion for the reason stated in such preceding cases.  *See Sandmann v. The Washington Post*, Cov. Case No. 19cv19 (Docs. 47, 64); *Sandmann v. Cable News Network*, Cov. Case No. 19cv31 (Docs. 43, 44); *Sandmann v. NBCUniversal Media, LLC*, Cov. Case No. 19cv56 (Doc. 43).

### *Analysis*

1. **Failure to State a Claim**

The Complaint herein alleges that defendants published the following statement by Phillips:

2

> In a separate interview with the Washington Post, Phillips said that the dozens of teens began to swarm around his group as they concluded their march and were getting ready to leave. "It was getting ugly," he told the newspaper. "I started going that way, and that guy in the hat stood in my way and we were at an impasse. He just blocked my way and wouldn't allow me to retreat."

(Compl. ¶ 207). The Complaint alleges that this statement was false in that Sandmann did not block Phillips or interfere with him in any way, and that it conveys a defamatory meaning because it imputes to Sandmann racist conduct. (Compl. ¶¶ 208, 211).

The parties agree that Kentucky law applies to this case. Under Kentucky law, a writing is defamatory "if it tends to (1) bring a person into public hatred, contempt or ridicule; (2) cause him to be shunned or avoided; or (3) injure him in his business or occupation." *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 884 (Ky. 1981) (citation omitted). The allegations of the Complaint fit this definition precisely.

The Complaint further alleges that the libel was the proximate result of defendants' negligence, recklessness, and actual malice. (Compl. ¶¶ 253-282).

Defendants argue that their publications were justified and non-actionable because they fairly portrayed differing sides of newsworthy events, citing *Croce v. The New York Times Co.*, 930 F.3d 787 (6th Cir. 2019). That case involves Ohio, rather than

3

Kentucky, law. But even if it were binding on this Court, it is not on point.

In *Croce*, a newspaper published an article that included unflattering allegations against the plaintiff, a university professor and cancer researcher. The Court held that, in "full context," a "reasonable reader would interpret the article as a standard piece of investigative journalism" which simply reported "newsworthy allegations with appropriate qualifying language." *Id.* at 794-95.

That holding is inapplicable under the allegations of the Complaint here. Sandmann alleges that defendants published a factual, defamatory statement by Phillips, period. No amount of context removes that meaning. Sandmann further alleges that defendants failed to exercise reasonable journalistic care in determining whether Phillips' statements should have been published at all.

Therefore, the Court holds that the Complaint states a claim for relief and that discovery is warranted on both plaintiff's claims and defendants' defenses thereto.

### 2. **Statute of Limitations**

Defendants also assert (in part, by reference to other defendants' motions to dismiss) that Sandmann's claim is barred by the statute of limitations because it was filed on March 2,

4

2020, more than one year after the relevant events occurred on January 18, 2019.

Of course, Sandmann was 16 years old at the time of these events. And, under KRS 413.170(a), the running of a statute of limitations is tolled where the plaintiff is a minor, until he or she reaches the age of 18. Thus, Sandmann had one year following his eighteenth birthday, which occurred in July 2020, to file his claim.

Defendants argue, however, that the statute of limitations began to run when Sandmann filed his first defamation suit through his parents as his next friends on February 19, 2019, relying on an unpublished opinion of the Kentucky Court of Appeals. *See Tallman v. City of Elizabethtown*, No. 2006-CA-002542, 2007 WL 3227599 (Ky. Ct. App. Nov. 2, 2007).

In *Tallman*, the Court held that the statute of limitations began to run against minor children when they were represented by their mother on related claims in prior litigation in federal court. *Id.* at *3. A reading of that decision, however, reveals that the Court considered the litigation before it to be highly unusual, and it noted that its ruling was made in light of "the procedural history of the case." *Id.* No such history exists here.

Moreover, the Court does not believe that the Kentucky Supreme Court would agree with *Tallman*. *Tallman* cites no

5

authority for its holding, which conflicts with the plain language of the savings statute itself.  The statute makes no exception to the tolling of the limitations period for claims by a minor until he reaches the age of majority. *See Bradford v. Bracken County*, 767 F. Supp.2d 740, 752 (E.D. Ky. 2011) (refusing to apply *Tallman* to bar plaintiff's claim, finding that Kentucky Supreme Court would not adopt its reasoning because it would add exception to statute that legislature did not provide); *T.S. v. Doe*, Civil Action No. 5:10-CV-217, 2010 WL 3941868, at *4 (E.D. Ky. Oct. 6, 2010) (similar).

Therefore, defendants' statute of limitations defense is without merit.

Thus, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that defendants' motion to dismiss (Doc. 16) be, and is hereby, **DENIED**.

This 1st day of October 2020.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge