**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

NICHOLAS SANDMANN, by and through
his parents and natural guardians, TED
SANDMANN and JULIE SANDMANN,

               Plaintiff,

    vs.

ABC NEWS, INC.,

and

ABC NEWS INTERACTIVE, INC.,

and

THE WALT DISNEY COMPANY,

               Defendants.

Case No. 2:20-CV-00025-WOB-CJS

Judge William O. Bertelsman
Magistrate Judge Candace J. Smith

**ANSWER OF DEFENDANTS ABC NEWS,
INC., ABC NEWS INTERACTIVE, INC.,
and THE WALT DISNEY COMPANY**

      Defendants ABC News, Inc., ABC News Interactive, Inc. and The Walt Disney Company (collectively, "Defendants" or "ABC"), answer the Complaint of Plaintiff Nicholas Sandmann ("Nicholas" or "Plaintiff"), by and through his parents and natural guardians, Ted Sandmann and Julie Sandmann, as follows, using the same headings and paragraph numbering employed by Plaintiff.

**INTRODUCTION**

      1.     Defendants admit that this is an action for defamation.  Defendants deny each and every remaining allegation in paragraph 1 of the Complaint.

      2.     Defendants deny each and every allegation in paragraph 2 of the Complaint.

      3.     Defendants deny each and every allegation in paragraph 3 of the Complaint.

      4.     Defendants deny each and every allegation in paragraph 4 of the Complaint.

5.      Defendants deny each and every allegation in paragraph 5 of the Complaint.

6.      Defendants deny each and every allegation in paragraph 6 of the Complaint.

7.      Defendants deny each and every allegation in paragraph 7 of the Complaint.

8.      Defendants deny each and every allegation in paragraph 8 of the Complaint.

9.      Defendants deny each and every allegation in in paragraph 9 of the Complaint.

10.     Defendants lack information to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and on that basis deny each and every one of them.

11.     Defendants admit that one or more persons who claimed to be associated with the Black Hebrew Israelites shouted homophobic and other slurs at the students.  Defendants deny each and every remaining allegation in paragraph 11 of the Complaint.

12.     Defendants deny each and every allegation in in paragraph 12 of the Complaint.

13.     Defendants admit that when Nathan Phillips ("Phillips") approached Nicholas, Nicholas stood still for several minutes and that Phillips continued to beat his drum and sing. Defendants lack information to form a belief as to the truth or falsity of the remaining allegations in paragraph 13 of the Complaint, and on that basis deny each and every one of them.

14.     Defendants deny each and every allegation in paragraph 14 of the Complaint.

15.     Defendants deny each and every allegation in paragraph 15 of the Complaint.

16.     Defendants lack information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint as to when the first video "over ninety (90) minutes long" of the January 18 Incident was uploaded to Facebook, or who uploaded it, and on that basis deny the allegations in the first sentence of paragraph 16.  Defendants deny each and every remaining allegation in paragraph 16.

17.     Defendants deny each and every allegation in paragraph 17 of the Complaint.

18.     Defendants deny each and every allegation in paragraph 18 of the Complaint.

19.     Defendants deny each and every allegation in paragraph 19 of the Complaint.

20.     Defendants deny each and every allegation in paragraph 20 of the Complaint.

21.     Defendants deny each and every allegation in paragraph 21 of the Complaint.

22.     Defendants deny each and every allegation in paragraph 22 of the Complaint.

23.     Defendants admit that Phillips stated in some interviews that he heard "Build that wall."  Defendants deny each and every remaining allegation in paragraph 23 of the Complaint.

24.     Defendants admit that ABC News is one of America's leading news organizations.  Except as so admitted, Defendants deny each and every allegation in paragraph 24 of the Complaint.

25.     Defendants deny each and every allegation in paragraph 25 of the Complaint.

26.     Defendants deny each and every allegation in paragraph 26 of the Complaint.

27.     Defendants deny each and every allegation in paragraph 27 of the Complaint.

28.     Defendants deny each and every allegation in paragraph 28 of the Complaint.

29.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint, and on that basis deny each and every one of them.

30.     Defendants admit that the Washington Post published the editor's notes set forth in Exhibit B to the Complaint.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 30 of the Complaint, and on that basis deny each and every one of them.

31.     Defendants admit that Plaintiff has filed lawsuits against WP Company LLC, Cable News Network, Inc., and NBC Universal Media, LLC, but denies that those cases involve

3

"very similar, if not identical" reporting to any of the publications at issue in this case. Defendants further admit that each of those companies brought motions to dismiss, which were granted in part and denied in part. Defendants deny each and every remaining allegation in paragraph 31 of the Complaint.

32.     Defendants admit that this action seeks compensatory damages in excess of $20,000,000. Defendants deny each and every remaining allegation in paragraph 32 of the Complaint..

33.     Defendants admit that this action seeks punitive damages in excess of $75,000,000. Defendants deny each and every remaining allegation in paragraph 33 of the Complaint.

## DETAILED FACTUAL BACKGROUND

### THE JANUARY 18 INCIDENT

34.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint, and on that basis deny each and every one of them.

35.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint, and on that basis deny each and every one of them.

36.     Defendants admit that Nicholas was wearing a red Make America Great Again hat. Defendants lack information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 35 of the Complaint, and on that basis deny each and every one of them.

37.     Defendants admit that one or more persons who describe themselves as Black Hebrew Israelites spoke, among other things, the words quoted in paragraph 37. Defendants lack

4

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 37 of the Complaint, and on that basis deny each and every one of them.

38.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of the Complaint, and on that basis deny each and every one of them.

39.     Defendants deny that Phillips or others with him instigated a confrontation with Nicholas and his Covington Catholic High School ("CovCath") classmates.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 39 of the Complaint, and on that basis deny each and every one of them.

40.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint, and on that basis deny each and every one of them.

41.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the Complaint, and on that basis deny each and every one of them.

42.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint, and on that basis deny each and every one of them.

43.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint, and on that basis deny each and every one of them.

4816-9036-9485v.7 0019918-000075

44.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the Complaint, and on that basis deny each and every one of them.

45.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint, and on that basis deny each and every one of them.

46.     Defendants deny that "once within their group, Phillips freely moved about." Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 46 of the Complaint, and on that basis deny each and every one of them.

47.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint, and on that basis deny each and every one of them.

48.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint, and on that basis deny each and every one of them.

49.     Defendants admit that Phillips beat his drum and sang in front of Nicholas. Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 49 of the Complaint, and on that basis deny each and every one of them.

50.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50 of the Complaint, and on that basis deny each and every one of them.

51.     Defendants deny each and every allegation in paragraph 51 of the Complaint.

52.     Defendants deny each and every allegation in paragraph 52 of the Complaint.

4816-9036-9485v.7 0019918-000075

53.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53 of the Complaint, and on that basis deny each and every one of them.

54.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 54 of the Complaint, and on that basis deny each and every one of them.

55.     Defendants admit that Nicholas stood still.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 55 of the Complaint, and on that basis deny each and every one of them.

56.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 56 of the Complaint, and on that basis deny each and every one of them.

57.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint, and on that basis deny each and every one of them.

58.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 58 of the Complaint, and on that basis deny each and every one of them.

59.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint, and on that basis deny each and every one of them.

4816-9036-9485v.7 0019918-000075

60.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 of the Complaint, and on that basis deny each and every one of them.

61.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 61 of the Complaint, and on that basis deny each and every one of them.

62.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Complaint, and on that basis deny each and every one of them.

63.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Complaint, and on that basis deny each and every one of them.

64.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 64 of the Complaint, and on that basis deny each and every one of them.

65.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 65 of the Complaint, and on that basis deny each and every one of them.

66.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 of the Complaint, and on that basis deny each and every one of them.

4816-9036-9485v.7 0019918-000075

67.     The allegations concerning unspecified "interviews" and "media" in paragraph 67 of the Complaint are too vague to respond to.  To the extent a response is nonetheless deemed necessary, Defendants deny each and every allegation in paragraph 67.

68.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 of the Complaint, and on that basis deny each and every one of them.

69.     Defendants deny each and every allegation in in paragraph 69 of the Complaint.

70.     Defendants deny each and every allegation in paragraph 70 of the Complaint.

## ONLINE VIDEOS OF THE JANUARY 18 INCIDENT

71.     Defendants admit that the videos referenced were posted to the URLs referred to in paragraph 71 of the Complaint.   Defendants lack information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 71 of the Complaint, and on that basis deny them.

72.     Defendants admit that the "Taitano Videos" (as defined in the Complaint) did not show any conduct by any persons associated with the Black Hebrew Israelites, deny that they did not show that Nicholas blocked Phillips, and deny that they "severely misrepresented" the events that were shown in the videos.  Defendants lack sufficient knowledge to form a belief as to the remaining allegations of paragraph 72 of the Complaint, and on that basis deny them.

73.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 73 of the Complaint, and on that basis deny each and every one of them.

74.     Defendants deny all allegations in paragraph 74 of the Complaint.

4816-9036-9485v.7 0019918-000075

75.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 of the Complaint, and on that basis deny each and every one of them.

76.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 76 of the Complaint, and on that basis deny each and every one of them.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Complaint, and on that basis deny each and every one of them.

79.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Complaint, and on that basis deny each and every one of them.

80.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Complaint, and on that basis deny each and every one of them.

81.     Defendants admit that a copy of an approximately 1 hour, 46 minute video was made available on one or more websites.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 81 of the Complaint, and on that basis deny each and every one of them.

82.     Defendants deny each and every allegation in paragraph 82 of the Complaint, except that Defendants note that the term "social media mob" is vague and they lack information

10

sufficient to form a belief as to the truth or falsity of that particular allegation, and on that basis deny it.

83.    Defendants deny each and every allegation in paragraph 83 of the Complaint.

84.    Defendants admit that the tweet located at https://twitter.com/mariajudy_/status/1086681831804674048 contains a video posted, according to Twitter, at 12:48 pm on January 19, 2019, and that video shows Phillips walking towards a group of persons, including some CovCath students.  Except as so admitted and referred, Defendants deny each and every allegation in paragraph 84 of the Complaint.

85.    Defendants admit that the hyperlink in paragraph 85 of the Complaint leads to a tweet posted by a Cincinnati television reporter allegedly containing a statement from a "Cov Cath student who says he was present at the event in question in Washington," and that according to Twitter that tweet was posted at 10:07 pm on January 19, 2019.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 81 of the Complaint, and on that basis deny each and every one of them..

86.    Defendants admit that Nicholas' counsel purports to have produced the fourteen-minute video entitled "Nick Sandmann: The Truth in 15 Minutes" that is posted at the URL identified in paragraph 86 of the Complaint.   Defendants deny each and every remaining allegation in paragraph 86 of the Complaint.

87.    Defendants deny each and every allegation in paragraph 87 of the Complaint.

88.    Defendants deny each and every allegation in paragraph 88 of the Complaint.

89.    Defendants deny each and every allegation in paragraph 89 of the Complaint.

**NICHOLAS' STATEMENT AND NBC INTERVIEW**

11

90.     Defendants admit that Nicholas released the statement attached to the Complaint as Exhibit C on the afternoon of January 20, 2019.  Defendants deny that the contents of the statement are an "accurate factual description of the January 18 incident."  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 90 of the Complaint, and on that basis deny each and every one of them.

91.     Defendants admit that Nicholas conducted an interview with Savannah Guthrie of NBC's *Today* show.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 91 of the Complaint, and on that basis deny each and every one of them.

## AN INVESTIGATION CONFIRMS THE TRUTH

92.     Defendants deny each and every allegation in paragraph 92 of the Complaint.

93.     Defendants admit that the Catholic Diocese of Covington and Covington Catholic High School released a joint statement on January 19, 2019.  Defendants deny that the statement was "of and concerning" Nicholas.  Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 93 of the Complaint, and on that basis deny each and every one of them.

94.     Defendants deny each and every allegation in paragraph 94 of the Complaint.

95.     Defendants admit that Roger J. Foys, the Catholic Bishop of Covington, released the letter attached as Exhibit D to the Complaint on or about January 25, 2019.

96.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 of the Complaint, and on that basis deny each and every one of them.

4816-9036-9485v.7 0019918-000075

97.     Defendants admits that the hyperlink in paragraph 97 of the Complaint leads to a statement issued by the Diocese of Covington (via the Archdiocese of Louisville) on or about January 22, 2019 which contains the text quoted in paragraph 97.

98.     Defendants admit that Exhibit E to the Complaint contains the "Final Investigative Report" issued by Greater Cincinnati Investigation, Inc., dated February 11, 2019 (the "GCI Report").

99.     Defendants admit the allegations of paragraph 99 of the Complaint.

100.    Defendants deny the allegations of paragraph 100 of the Complaint.

101.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 101 of the Complaint, and on that basis deny each and every one of them.

102.    Defendants admit that the GCI Report asserts that it made various findings and deny that its "key findings" are all exactly as alleged in paragraph 102 of the Complaint.  To the extent that paragraph 102 of the Complaint alleges that the contents of the GCI Report are all accurate, Defendants deny that allegation.

### PHILLIPS WAS A BIASED AND UNRELIABLE WITNESS

103.    Defendants deny each and every allegation in paragraph 103 of the Complaint.

104.    Defendants deny each and every allegation in Paragraph 104 of the Complaint.

105.    Defendants deny each and every allegation in Paragraph 105 of the Complaint.

106.    Defendants deny each and every allegation in paragraph 106 of the Complaint.

107.    Defendants deny each and every allegation in Paragraph 107 of the Complaint.

**Activism and Publicity-Seeking**

108.    Defendants deny each and every allegation in Paragraph 108 of the Complaint.

4816-9036-9485v.7 0019918-000075

109.     Defendants deny each and every allegation in Paragraph 109 of the Complaint.

110.     Defendants admit that "dozens" of photographs of or articles about Phillips are available online.  Except as so admitted, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110 of the Complaint, and on that basis deny each and every one of them.

111.     Defendants admit that the hyperlink in paragraph 111 of the Complaint leads to a music video for the song "Make it Bun Dem" by Skillrex and Damian "Jr. Gong" Marley, and that YouTube states that video has been viewed more than 430 million times.  Except as so admitted, Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 111 of the Complaint, and on that basis deny each and every one of them.

112.     Defendants admit that the Internet Movie Database page hyperlinked to from paragraph 112 of the Complaint lists Nathan Phillips as appearing in *Between Earth and Sky*, which the page describes as "[t]he story of a Native American family's struggle against cancer and cultural extinction takes an unexpected turn as money becomes more and more important." Except as so admitted, Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 112 of the Complaint, and on that basis deny each and every one of them.

113.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 113 of the Complaint, and on that basis deny each and every one of them.

114.     Defendants admit that on or about February 23, 2017, Dakota Access Pipeline protestors who had not left the site were forcibly evicted by authorities.  Defendants lack

14

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 114 of the Complaint, and on that basis deny each and every one of them.

115.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 115 of the Complaint, and on that basis deny each and every one of them.

116.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 116 of the Complaint, and on that basis deny each and every one of them.

117.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 117 of the Complaint, and on that basis deny each and every one of them.

118.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 118, and on that basis deny each and every one of them.

119.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 119, and on that basis deny each and every one of them.

**Protest at Washington D.C. Catholic Church**

120.    Defendants deny each and every allegation in paragraph 120 of the Complaint.

121.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 121 of the Complaint, and on that basis deny each and every one of them.

122.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122 of the Complaint, and on that basis deny each and every one of them.

4816-9036-9485v.7 0019918-000075

123.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 123 of the Complaint, and on that basis deny each and every one of them.

124.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124 of the Complaint, and on that basis deny each and every one of them.

125.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 125 of the Complaint, and on that basis deny each and every one of them.

126.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 126 of the Complaint, and on that basis deny each and every one of them.

**Stolen Valor**

127.    Defendants deny each and every allegation in paragraph 127 of the Complaint.

128.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 128, and on that basis deny each and every one of them.

129.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 129 of the Complaint, and on that basis deny each and every one of them.

130.    Defendants admit that they have not issued a retraction or statement stating that Mr. Phillips is not a Vietnam veteran.  Except as so admitted, Defendants deny each and every allegation in paragraph 130 of the Complaint.

**Previous Unsubstantiated Claim of Harassment**

131.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 131 of the Complaint, and on that basis deny each and every one of them.

132.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 132 of the Complaint, and on that basis deny each and every one of them.

133.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 133 of the Complaint, and on that basis deny each and every one of them.

134.    Defendants admit that the Fox 2 Detroit article hyperlinked to in paragraph 132 of the Complaint (the "Fox 2 Article") quotes Mr. Phillips as saying "it really got ugly." Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 134 of the Complaint, and on that basis deny each and every one of them.

135.    Defendants admit that the Fox 2 Article quotes Mr. Phillips as saying "By the time police got there, it was like there was no party there at all." Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 135 of the Complaint, and on that basis deny each and every one of them.

136.    Defendants admit that the Fox 2 Article states in part:

"The mascot issue at the university was changed 20 years ago," Phillips said. "That I'm dealing with it 20 years later ... There's a lot of hate behind that."
As for what should happen to the students he claimed harassed him, he hopes others can learn from this.
"Whoever would sit judgement on them, the university, the law, society, that is their job," Phillips said. "I will pray for them that they will see a better way."

Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 136 of the Complaint, and on that basis deny each and every one of them.

137.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 137, and on that basis deny each and every one of them.

138.     Defendants admit that the article hyperlinked to in paragraph 138 of the Complaint states that "Moments later, a group of the party-goers began charging the fence, according to Phillips, so he grabbed his cell phone out of his pocket and called the police." Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 138, and on that basis deny each and every one of them.

139.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 139 of the Complaint, and on that basis deny each and every one of them.

140.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 140 of the Complaint, and on that basis deny each and every one of them.

141.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 141 of the Complaint, and on that basis deny each and every one of them.

142.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 142 of the Complaint, and on that basis deny each and every one of them.

**Criminal Activities**

143.    Defendants deny that Phillips stated that he was "frightened by the high school student" and deny that the allegations in paragraphs 144 and 145 of the Complaint should have led Defendants to "question" Phillips as alleged.   Defendants lack information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 143, and on that basis deny each and every one of them.

144.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 144 of the Complaint, and on that basis deny each and every one of them.

145.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 145 of the Complaint, and on that basis deny each and every one of them.

**Inconsistent Statements**

146.    Defendants admit that Mr. Phillips was interviewed by the Detroit Free Press, The Washington Post, CNN, The Associated Press, MSNBC, NBC, CBS, and DemocracyNow! in connection with the January 18 Incident.  Defendants deny each and every remaining allegation in paragraph 146 of the Complaint.

147.    Defendants deny each and every allegation in paragraph 147 of the Complaint.

148.    Defendants deny each and every allegation in paragraph 148 of the Complaint.

149.    Defendants admit that the Associated Press reported that Mr. Phillips said "he felt compelled to get between two groups with his ceremonial drum to defuse a confrontation." Defendants deny each and every remaining allegation in paragraph 149 of the Complaint.

150.    Defendants admit the allegations in paragraph 150 of the Complaint.

151.     Defendants admit that the Washington Post reported that Phillips stated "'It was getting ugly, and I was thinking: 'I've got to find myself an exit of this situation and finish my song at the Lincoln Memorial,'" Phillips recalled.  'I started going that way, and that guy in the hat stood in my way and we were at an impasse.  He just blocked my way and wouldn't allow me to retreat.'"  Defendants deny each and every remaining allegation in paragraph 151 of the Complaint.

152.     Defendants admit that Mr. Phillips told NBC, among other things, that "we couldn't go right.  We couldn't go back, left," and "I was blocked."  Defendants deny each and every remaining allegation in paragraph 152 of the Complaint.

153.     Defendants admit that the Washington Post reported that "Asked why he felt the need to walk into a group of students, Phillips said he was trying to reach the top of the memorial, where friends were standing.  But Phillips also said he saw more than a teenage boy in front of him.  He saw a long history of white oppression of Native Americans.  'Why should I go around him?' he asked.  'I'm just thinking of 500 years of genocide in this country, what your people have done.  You don't even see me as a human being."

154.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 154 of the Complaint, and on that basis deny each and every one of them.

155.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 155 of the Complaint, and on that basis deny each and every one of them.

156.     Defendants deny each and every allegation in paragraph 156 of the Complaint.

157.     Defendants deny each and every allegation in paragraph 157 of the Complaint.

4816-9036-9485v.7 0019918-000075

158.     Defendants deny each and every allegation in paragraph 158 of the Complaint.

## THE ABC COVERAGE

159.     Defendants deny each and every allegation in paragraph 159 of the Complaint.

160.     Defendants deny each and every allegation in paragraph 160 of the Complaint.

161.     Defendants deny that they published any of what the Complaint refers to as "the False and Defamatory Publications", deny that any of those publications are false and defamatory, and on that basis deny each and every allegation in paragraph 161 of the Complaint.

162.     Defendants deny each and every allegation in paragraph 162 of the Complaint.

163.     Defendants admit each and every allegation in paragraph 163 of the Complaint.

## EXPRESSIONS OF HATRED AND SCORN BY THE PUBLIC

164.     Defendants deny each and every allegation in paragraph 164 of the Complaint.

165.     Defendants deny each and every allegation in paragraph 165 of the Complaint.

166.     Defendants deny each and every allegation in paragraph 166 of the Complaint.

167.     Defendants deny each and every allegation in paragraph 167 of the Complaint.

168.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 168 of the Complaint, and on that basis deny each and every one of them.

169.     Defendants deny each and every allegation in paragraph 169 of the Complaint.

170.     Defendants admit that a tweet posted by President Donald Trump on or about January 14, 2019 stating that "If Elizabeth Warren, often referred to by me as Pocahontas did this commercial from Bighorn or Wounded Knee instead of her kitchen, with her husband dressed in full Indian garb, it would have been a smash!" led to public controversy.  Defendants deny each and every remaining allegation in paragraph 170 of the Complaint.

4816-9036-9485v.7 0019918-000075

171.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 171 of the Complaint, and on that basis deny each and every one of them.

172.    Defendants deny each and every allegation in paragraph 172 of the Complaint.

173.    Defendants deny each and every allegation in paragraph 173 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

174.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 174 of the Complaint, and on that basis deny each and every one of them.

175.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 175 of the Complaint, and on that basis deny each and every one of them.

176.    Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 176 of the Complaint, and on that basis deny each and every one of them.

177.    Defendants admit the allegations in paragraph 177 of the Complaint.

178.    Paragraph 178 of the Complaint contains legal conclusions that require no response.  To the extent a response is required, Defendants admit that, for purposes of this Court's diversity jurisdiction, ABC News, Inc. is a citizen of Delaware and New York.

179.    Defendants admit the allegations in paragraph 179 of the Complaint.

180.    Paragraph 180 of the Complaint contains legal conclusions that require no response.  To the extent a response is required, Defendants admit that, for purposes of this

4816-9036-9485v.7 0019918-000075

Court's diversity jurisdiction, ABC News Interactive, Inc. is a citizen of Delaware and New York.

181.     Defendants admit the allegations in paragraph 181 of the Complaint.

182.     Paragraph 182 of the Complaint contains legal conclusions that require no response.  To the extent a response is required, Defendants admit that, for purposes of this Court's diversity jurisdiction, The Walt Disney Company is a citizen of Delaware and California.

183.     Paragraph 183 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Defendants do not dispute this Court's subject-matter jurisdiction.

184.     Paragraph 184 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Defendants do not dispute this Court's subject-matter jurisdiction.

185.     Paragraph 185 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Defendants do not dispute this Court's subject-matter jurisdiction.

186.     Defendants deny each and every allegation in paragraph 186 of the Complaint.

187.     Defendants deny each and every allegation in paragraph 187 of the Complaint.

188.     Defendants deny each and every allegation in paragraph 188 of the Complaint.

189.     Defendants deny each and every allegation in paragraph 189 of the Complaint.

190.     Defendants deny each and every allegation in paragraph 190 of the Complaint.

191.     Defendants deny each and every allegation in paragraph 191 of the Complaint.

192.     Defendants deny each and every allegation in paragraph 192 of the Complaint.

193.    Paragraph 193 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Defendants deny the allegations of paragraph 193 of the Complaint.

194.    Defendants deny each and every allegation in paragraph 194 of the Complaint.

195.    Paragraph 195 of the Complaint contains legal conclusions that require no response.  To the extent that a response is required, Defendants do not dispute that venue is proper in this District.

## CAUSE OF ACTION FOR DEFAMATION

196.    Defendants reassert and reincorporate by reference the foregoing paragraphs of this Answer as if fully restated herein.

197.    Defendants deny each and every allegation in paragraph 197 of the Complaint.

198.    Defendants admit that the Complaint refers to four publications as the "False and Defamatory Publications", deny that any of those publications were published by Defendants, and deny that any of them are false and defamatory.

199.    Defendants deny each and every allegation in paragraph 199 of the Complaint.

200.    Defendants deny each and every allegation in paragraph 200 of the Complaint.

201.    Defendants deny each and every allegation in paragraph 201 of the Complaint.

202.    Defendants deny each and every allegation in paragraph 202 of the Complaint.

### ABC'S FIRST ONLINE ARTICLE

203.    Defendants admit that the article contained in Exhibit G ("the First Article") was published on the website abcnews.com on January 20, 2019, and that the First Article is available online at the URL referred to in paragraph 203 of the Complaint.  Defendants deny that

abcnews.com is "its [ABC's] website", deny that Defendants published the First Article, and deny each and every remaining allegation in paragraph 203 of the Complaint.

204.     Defendants admit that the First Article embedded and republished a video of a television news story from *Good Morning America* (the "First GMA Story"), which included a clip from a video in which Plaintiff's face is visible.  Defendants deny that the First GMA Story is "ABC's" as defined in the Complaint, and deny each and every remaining allegation in paragraph 204 of the Complaint.

205.     Defendants admit that the First Article identifies Nicholas by name and includes screenshots of his image.  Defendants deny each and every remaining allegation in paragraph 205 of the Complaint.

206.     Defendants deny each and every allegation in paragraph 206 of the Complaint.

207.     Defendants admit that the First Article speaks for itself in its entirety, and includes the text quoted in paragraph 207 of the Complaint.  Defendants deny each and every remaining allegation in paragraph 207.

208.     Defendants deny each and every allegation in paragraph 208 of the Complaint.

209.     Defendants deny each and every allegation in paragraph 209 of the Complaint.

210.     Defendants deny each and every allegation in paragraph 210 of the Complaint.

211.     Defendants deny each and every allegation in paragraph 211 of the Complaint.

212.     Defendants deny each and every allegation in paragraph 212 of the Complaint.

213.     Defendants deny each and every allegation in paragraph 213 of the Complaint.

214.     Defendants deny each and every allegation in paragraph 214 of the Complaint.

4816-9036-9485v.7 0019918-000075

## ABC'S SECOND ONLINE ARTICLE

215.    Defendants admit that the Article attached to the Complaint as Exhibit H ("the Second Article") was published on the website abcnews.com on January 20, 2019, and that the Second Article is available online at the URL referred to in paragraph 203 of the Complaint. Defendants deny that abcnews.com is "its [ABC's] website", deny that they published the Second Article, and deny each and every remaining allegation in paragraph 215 of the Complaint.

216.    Defendants admit that the Second Article republished and embedded a video of a television news story from *Good Morning America* (the "Second GMA Story"), and that story included a clip from a video in which Plaintiff's face is visible.  Defendants deny the remaining allegations of paragraph 216 of the Complaint.

217.    Defendants admit that the Second Article includes Plaintiff's name and screenshots of his image.  Defendants deny each and every allegation in paragraph 217 of the Complaint.

218.    Defendants admit that the Second Article speaks for itself in its entirety, and includes the text quoted in paragraph 218 of the Complaint (with the exception of the word in square brackets).   Defendants deny each and every remaining allegation in paragraph 218.

219.    Defendants deny each and every allegation in paragraph 219 of the Complaint.

220.    Defendants deny each and every allegation in paragraph 220 of the Complaint.

221.    Defendants deny each and every allegation in paragraph 221 of the Complaint.

222.    Defendants deny each and every allegation in paragraph 222 of the Complaint.

223.    Defendants deny each and every allegation in paragraph 223 of the Complaint.

224.    Defendants deny each and every allegation in paragraph 224 of the Complaint.

26

## ABC'S THIRD ONLINE ARTICLE

225.    Defendants admit that the article contained in Exhibit G of the Complaint ("the Third Article"), was published on abc7ny.com on January 21, 2019, and that the Third Article is available online at the URL referred to in paragraph 225 of the Complaint.  Defendants deny that abc7ny.com is "its [ABC's] website," deny that they published the Third Article, and deny each and every remaining allegation in paragraph 225 of the Complaint.

226.    Defendants admit that the Third Article embedded and republished a video of a television news story from ABC7 Eyewitness News (the "ABC7 Story"), which included a clip from a video in which Nicholas's face is visible.  Defendants deny that the ABC7 Story is "ABC's" and deny the remaining allegations in paragraph 226 of the Complaint.

227.    Defendants admit that the Third Article identifies Nicholas by name and includes screenshots of his image.  Defendants deny each and every remaining allegation in paragraph 227 of the Complaint.

228.    Defendants admit that the Third Article speaks for itself in its entirety, and includes the text quoted in paragraph 228 of the Complaint.  Defendants deny each and every remaining allegation in paragraph 228.

229.    Defendants deny each and every allegation in paragraph 229 of the Complaint.

230.    Defendants deny each and every allegation in paragraph 230 of the Complaint.

231.    Defendants admit that the Third Article, including the embedded ABC7 Report, was also published on at the URLs referred to in paragraph 231 of the Complaint.  Defendants deny each and every remaining allegation in paragraph 231.

232.    Defendants deny each and every allegation in paragraph 232 of the Complaint.

233.    Defendants deny each and every allegation in paragraph 233 of the Complaint.

4816-9036-9485v.7 0019918-000075

234.     Defendants deny each and every allegation in paragraph 234 of the Complaint.

## ABC'S FOURTH ONLINE ARTICLE

235.     Defendants admit that the article attached to the Complaint as Exhibit J ("the Fourth Article"), was published on the website abc7chicago.com on January 20, 2019, and that the Fourth Article is available online at the URL referred to in paragraph 203 of the Complaint. Defendants deny that abc7chicago.com is "its [ABC's] website," deny that they published the Fourth Article, and deny each and every remaining allegation in paragraph 235.

236.     Defendants admit that the Fourth Article embedded a compilation of videos (the "Fourth Article Video"), in which Nicholas's face is visible.  Defendants deny each and every remaining allegation in paragraph 236 of the Complaint.

237.     Defendants admit that the Fourth Article includes Nicholas's name and includes screenshots of his image.  Defendants deny each and every remaining allegation in paragraph 237 of the Complaint.

238.     Defendants admit that the Fourth Article speaks for itself in its entirety, and includes the text quoted in paragraph 238 of the Complaint.  Defendants deny each and every remaining allegation in paragraph 238 of the Complaint.

239.     Defendants deny each and every allegation in paragraph 239 of the Complaint.

240.     Defendants deny each and every allegation in paragraph 240 of the Complaint.

241.     Defendants admit that the "related topics" listed at the end of the Fourth Article include "politics," "Washington, D.C.," "viral video," "Native American," "bullying," "U.S. & World," and "teenagers."  Defendants deny each and every remaining allegation in paragraph 241 of the Complaint.

242.     Defendants deny each and every allegation in paragraph 242 of the Complaint.

243.     Defendants deny each and every allegation in paragraph 243 of the Complaint.

244.     Defendants deny each and every allegation in paragraph 244 of the Complaint.

### NICHOLAS IS A PRIVATE FIGURE

245.     Paragraph 245 of the Complaint contains legal conclusions that do not require a response.  To the extent that a response is required, Defendants deny each and every allegation in paragraph 245 of the Complaint.

246.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 246 of the Complaint, and on that basis deny each and every one of them.

247.     Defendants deny each and every allegation in paragraph 247 of the Complaint.

248.     Defendants deny each and every allegation in paragraph 248 of the Complaint.

249.     Defendants deny each and every allegation in paragraph 249 of the Complaint.

250.     Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 250 of the Complaint, and on that basis deny each and every one of them.

251.     Defendants deny each and every allegation in paragraph 251 of the Complaint.

252.     Defendants deny each and every allegation in paragraph 252 of the Complaint.

### ABC PUBLISHED NEGLIGENTLY AND MALICIOUSLY

253.     Defendants deny each and every allegation in paragraph 253 of the Complaint.

254.     Defendants deny each and every allegation in paragraph 254 of the Complaint.

255.     Defendants deny each and every allegation in paragraph 255 of the Complaint.

256.     Defendants deny each and every allegation in paragraph 256 of the Complaint.

257.     Defendants deny each and every allegation in paragraph 257 of the Complaint.

4816-9036-9485v.7 0019918-000075

**ABC Published Negligently**

258.     Defendants deny each and every allegation in paragraph 258 of the Complaint.

259.     Defendants deny each and every allegation in paragraph 259 of the Complaint.

260.     Defendants deny each and every allegation in paragraph 260 of the Complaint.

261.     Defendants deny each and every allegation in paragraph 261 of the Complaint..

262.     Defendants deny each and every allegation in paragraph 262 of the Complaint.

263.     Defendants deny each and every allegation in paragraph 263 of the Complaint.

264.     Paragraph 264 of the Complaint contains legal conclusions which require no response.  To the extent that any response is required, Defendants deny each and every allegation in paragraph 264.

265.     Defendants deny each and every allegation in paragraph 265 of the Complaint.

266.     Defendants deny each and every allegation in paragraph 266 of the Complaint.

**ABC Published with Actual Malice**

267.     Defendants deny each and every allegation in paragraph 267 of the Complaint.

268.     Defendants deny each and every allegation in paragraph 268 of the Complaint.

269.     Defendants deny each and every allegation in paragraph 269 of the Complaint.

270.     Defendants deny each and every allegation in paragraph 270 of the Complaint.

271.     Defendants deny each and every allegation in paragraph 271 of the Complaint.

272.     Defendants deny each and every allegation in paragraph 272 of the Complaint.

273.     Defendants deny each and every allegation in paragraph 273 of the Complaint.

274.     Defendants deny each and every allegation in paragraph 274 of the Complaint.

275.     Defendants deny each and every allegation in paragraph 275 of the Complaint.

276.     Defendants deny each and every allegation in paragraph 276 of the Complaint.

4816-9036-9485v.7 0019918-000075

277.	Defendants deny each and every allegation in paragraph 277 of the Complaint.

278.	Defendants deny each and every allegation in paragraph 278 of the Complaint.

279.	Defendants admit the allegations in paragraph 279 of the Complaint.

280.	Defendants deny each and every allegation in paragraph 280, including that they published the First Article, the Second Article, the Third Article, the First GMA Story, the Second GMA Story, the ABC7 Story, or the Fourth Article Video (collectively, the "Publications").  Defendants further state that ABC News and WABC stand behind the Publications.

281.	Defendants deny each and every allegation in paragraph 281 of the Complaint.

282.	Defendants deny each and every allegation in paragraph 282 of the Complaint.

## DAMAGES

283.	Defendants deny each and every allegation in paragraph 283 of the Complaint.

284.	Defendants deny each and every allegation in paragraph 284 of the Complaint.

285.	Defendants deny each and every allegation in paragraph 285 of the Complaint.

286.	Defendants deny each and every allegation in paragraph 286 of the Complaint.

287.	Defendants deny each and every allegation in paragraph 287 of the Complaint. [

288.	Paragraph 288 of the Complaint contains legal conclusions which require no response.  To the extent that any response is required, Defendants deny each and every allegation in paragraph 288.

289.	Defendants deny each and every allegation in paragraph 289 of the Complaint.

290.	Defendants deny each and every allegation in paragraph 290 of the Complaint.

291.	Defendants deny each and every allegation in paragraph 291 of the Complaint.

292.	Defendants deny each and every allegation in paragraph 292 of the Complaint.

In response to Plaintiff's Prayer for Relief, Defendants deny that Nicholas is entitled to any relief, including compensatory damages, punitive damages, attorneys' fees, expenses and costs, or any other damages.

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the defenses set forth below, Defendants do not assume any burden of proof that it would not otherwise bear because applicable law places the burden on Plaintiff. Defendants reserve the right to amend their answer and defenses to assert any additional defenses as may later become available or apparent to them during discovery or further proceedings in this action.

### First Defense

The Publications are not defamatory of Plaintiff or defamatory per se.

### Second Defense

Defendants did not publish the Publications.

### Third Defense

The allegedly defamatory statements in the Publications constitute statements of opinion protected by the common law, the First and Fourteenth Amendment to the Constitution of the United States, and/or the Kentucky Constitution.

### Fourth Defense

The allegedly defamatory statements in the Publications are protected by the wire service defense, because:

(a)     The allegedly defamatory statements in the First Article and Second Article were republished from the Washington Post.  *See* Antonio Olivo and Cleve R. Wootson Jr., *'It was*

*getting ugly': Native American drummer speaks on the MAGA-hat wearing teens who surrounded him*, Washington Post (Jan. 19, 2019) (the "Post Article").

(b)      The allegedly defamatory statements in the Third and Fourth Article were republished from reporting by the Associated Press. *See* Jeff Karoub and Adam Beam, "Teen in confrontation with Native American: I didn't provoke," Associated Press (Jan. 20, 2019) (the "AP Article").

(c)      The allegedly defamatory statements were republished verbatim and/or without material alteration from the Post Article and the AP Article.

### Fifth Defense

The allegedly defamatory statements in the Publications, read in context, are protected by a neutral report privilege pursuant to the common law, the First and Fourteenth Amendments to the Constitution of the United States, and/or the Kentucky Constitution.

### Sixth Defense

Plaintiff is a public figure and cannot meet his burden to prove actual malice by clear and convincing evidence.

### Seventh Defense

Plaintiff's claims are barred by the statute of limitations.

### Eighth Defense

Plaintiff cannot meet his burden to establish that the Defendants acted with fault, as required by common law, the First and Fourteenth Amendments to the Constitution of the United States, and/or the Kentucky Constitution.

### Ninth Defense

Plaintiff has failed to mitigate his alleged damages.

4816-9036-9485v.7 0019918-000075

### Tenth Defense

Plaintiff cannot meet his burden of establishing that Defendants are the cause of any damages he has allegedly suffered.

### Eleventh Defense

Punitive damages are not recoverable because Defendants did not act with common-law malice, constitutional malice, or any other sufficiently culpable conduct.

### Twelfth Defense

Any claim for punitive damages is barred by the First and Fourteenth Amendments to the Constitution of the United States, the Kentucky Constitution, and/or Kentucky law.

### Thirteenth Defense

The Complaint fails to state a claim upon which relief may be granted.

### Fourteenth Defense

The allegedly defamatory statements are substantially true.

### Fifteenth Defense

Plaintiff's claim for damages is barred by the incremental harm doctrine.

### Sixteenth Defense

Plaintiff's claim for damages is barred by the subsidiary meaning doctrine.

### Seventeenth Defense

Plaintiff has not adequately alleged, nor suffered, special damages.

### Eighteenth Defense

Plaintiff's damages, if any, were caused by Plaintiff's own conduct, and/or by the acts of third persons not within the control of Defendants.

**WHEREFORE**, Defendants respectfully request that:

4816-9036-9485v.7 0019918-000075

1. Judgment be entered in their favor, and the Complaint be dismissed with prejudice;

2. Defendants be awarded their costs, disbursements, and attorneys' fees;

3. The Court grant Defendants such further and other relief as is just and proper.

Date: October 29, 2020

Respectfully submitted,

*/s/ Robert B. Craig*
Robert B. Craig (15590)
TAFT STETTINIUS & HOLLISTER LLP
1717 Dixie Highway, Suite 910
Covington, KY 41011
Phone: (859) 547-4300
Fax: (513) 381-6613
craigr@taftlaw.com

Nathan Siegel (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Nicolette Vairo (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave NW Suite 800,
Washington, DC 20006
Phone: (202) 973-4237
Fax: (202) 973-4437
nathansiegel@dwt.com
adamlazier@dwt.com
nicolettevairo@dwt.com

*Counsel for Defendants*
*ABC News, Inc., ABC News Interactive,*
*Inc., and The Walt Disney Company*